UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES DOLAN, and TAMARA DOLAN,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER; U.S. BANK, NATIONAL ASSOCIATION as trustee for the HARBORVIEW MORTGAGE LOAN TRUST 2006-4 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-4; MTC FINANCIAL INC., d/b/a TRUSTEE CORPS; and DOES 1-100, inclusive,<br><br>　　　　　　　　　　Defendants. | Case No.: 25-cv-2242-GPC-BJW<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS**<br><br>[ECF No. 6] |

Before the Court is Defendants'—Nationstar Mortgage LLC, doing business as Mr. Cooper, "Nationstar"; and U.S. Bank, National Association as trustee for the Harborview Mortgage Loan Trust 2006-4 Mortgage Pass-Through Certificates, Series 2006-4 ("U.S Bank," together with Nationstar, "Defendants")—motion to dismiss Plaintiffs' complaint

1

pursuant to Federal Rules of Civil Procedure ("Rules")[1] 12(b)(2), 12(b)(4), and 12(b)(5). ECF No. 6. Plaintiffs responded in opposition to Defendants' motion on October 30, 2025, ECF No. 8, to which Defendants replied on November 10, 2025, ECF No. 10. The Court finds the matter suitable for disposition without a hearing under Local Rule 7.1(d)(1). For the reasons below, the Court DENIES Defendants' motion. The Court further VACATES the hearing set for December 19, 2025.

## PROCEDURAL BACKGROUND

On July 17, 2025, Plaintiffs James and Tamara Dolan filed a complaint against Defendants in San Diego Superior Court. ECF No. 1-3. In their complaint, Plaintiffs allege claims for quiet title, negligent and intentional infliction of emotional distress, fraud, and violations of California and federal statute. *Id.* at 2.

Though the initial state court summons prepared by Plaintiffs was rejected on July 18, 2025, a second summons was signed and conformed by Deputy Clerk G. Lopez on August 7, 2025. ECF No. 8, at 2-3; ECF No. 8-2; ECF No. 8-3, at 3-4. A copy of the Register of Actions for the San Diego Superior Court produced by Plaintiffs indicates that the Summons was considered filed as of July 18, 2025. ECF No. 8-3, at 5; *see also* ECF No. 8-2, at 3. In their reply, Defendants do not dispute that the San Diego Superior Court accepted and issued a conformed summons on August 7, 2025. *See generally* ECF No. 10.

At some point prior to August 28, 2025, Defendants received—though they were not served—a copy of Plaintiffs' complaint. ECF No. 6, at 3. On August 28, 2025, Defendants removed the action to this Court based on federal question jurisdiction. *See* ECF No. 1.

On September 4, 2025, the Parties jointly moved to extend Defendants' time to respond to Plaintiffs' complaint. ECF No. 3. Approximately one month later, Defendants

---

[1] "Rule" or "Rules" refer to the Federal Rules of Civil Procedure unless otherwise noted.

moved to dismiss Plaintiffs' case for insufficient process, insufficient service of process, and lack of personal jurisdiction. ECF No. 6.

On October 20, 2025, licensed process servers personally served each of the removing Defendants—U.S. Bank and Nationstar—as well as non-removing Defendant MTC Financial Inc., who has not yet appeared in this action, with the complaint, state court summons, and notice of removal. *See* ECF Nos. 8-4, 8-5, 8-6.

## LEGAL STANDARD

Sufficiency of service of process prior to removal is governed by state law, while service after removal is governed by Federal Rules of Civil Procedure 4. *Murray v. Gade*, No. CV 24-00005 HG-WRP, 2024 WL 1579976, at *1 (D. Haw. Apr. 11, 2024); Fed. R. Civ. P. 4. "Rule 4 is a flexible one that should be liberally construed, but a federal court does not have jurisdiction over a defendant unless the defendant has been served properly." *Id.*

Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5) authorize dismissal based on insufficient process and insufficient service of process. More specifically, a motion to dismiss pursuant to Rule 12(b)(4) relates to the form of the process, while a motion under Rule 12(b)(5) challenges the mode or lack of delivery of the summons and complaint. *Wasson v. Riverside Cnty.*, 237 F.R.D. 423, 424 (C.D. Cal. 2006) (citing *United States v. Hafner*, 421 F. Supp. 2d 1220, 1223 n.3 (D.N.D. 2006)).

"Once a defendant challenges service, the plaintiff bears the burden of establishing valid service pursuant to Federal Rule of Civil Procedure 4." *Shoup v. JAG Welding, FAB & Servs., Inc.*, No. 24-CV-1776 JLS (AHG), 2025 WL 1208916, at *2 (S.D. Cal. Apr. 25, 2025). "If the plaintiff is unable to satisfy his burden of demonstrating effective service, a court may either dismiss the action or quash service and allow the plaintiff to serve the defendant again." *Id.* (citing *Stevens v. Sec. Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976)). "Where it appears that effective service can be made and there is no unfair prejudice

to the defendant, quashing service rather than dismissing the action, and leaving the plaintiff free to effect proper service, is the appropriate course." *Wick Towing, Inc. v. Northland*, No. C15-1864JLR, 2016 WL 3461587, at *2 (W.D. Wash. June 21, 2016).

Lastly, because "service of process is the means by which a court asserts its jurisdiction over the person." *SEC v. Ross,* 504 F.3d 1130, 1138 (9th Cir. 2007), Defendants have also moved to dismiss pursuant to Rule 12(b)(2). Rule 12(b)(2) provides that "[a] defendant may move, prior to trial, to dismiss the complaint for lack of personal jurisdiction." *Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977).

## DISCUSSION

In this case, a state court summons was issued but not served prior to Defendants' removal of the case on August 28, 2025.[2] After removal, on October 20, 2025, Plaintiffs served the complaint and state court summons on Defendants. ECF Nos. 8-4; 8-5. This Court has not issued a new summons in this case. *See generally* Dkt.

Defendants rely on the Ninth Circuit decision in *Beecher vs. Wallace* to assert that a "state court summons issued but not served prior to removal of the state court action to federal courts" does not "retain any efficacy for further service of process after removal." 381 F.2d 372, 373 (9th Cir. 1967).

---

[2] While Defendants initially argued that no summons was ever issued by the state court prior to removal, ECF No. 6, at 5, Plaintiffs counter that though the initial summons filed on July 18, 2025, was rejected, a second summons was signed by the Deputy Clerk of Court and issued on August 7, 2025, *see* ECF No. 8, at 2-3, ECF No. 8-2; ECF No. 8-3, at 3-4. Defendants do not contest Plaintiffs' contention that a state court summons was issued as of August 7, 2025, in their reply, and thus concede that argument. *See Palmer v. Cognizant Tech. Sols. Corp.*, 2022 WL 18214014, at *31 (C.D. Cal. Oct. 27, 2022) ("Plaintiffs do not respond to this contention in their Reply, which constitutes a concession of that argument.").

Defendants are correct that generally, "[w]hen a case is removed to federal court, '[a]ll defendants properly served in the state-court action are deemed properly served in the removed action, and unserved defendants must be served with a summons from the federal court.'" *Tehranian v. Mercedes-Benz USA, LLC*, No. 8:24-CV-02037-FWS-JDE, 2025 WL 1543630, at *2 (C.D. Cal. Mar. 4, 2025) (quoting *CMB Infrastructure Grp. IX, LP v. Cobra Energy Inv. Fin., Inc.*, 572 F. Supp. 3d 950, 968 (D. Nev. 2021)). However, the *Beecher* holding is more nuanced than Defendants acknowledge. Specifically, in an unpublished decision, the Ninth Circuit has clarified that if "a defendant who is served with a state summons after removal either initiated the removal or consented to it, and thus indisputably had notice of the action prior to removal and notice that it was now a federal action," then the service limitations outlined in *Beecher* are "inapplicable." *Greenfield Advisors LLC v. Salas*, 733 F. App'x 364, 367 (9th Cir. 2018). *See also Bella + Canvas, LLC v. Ben Wachter Assocs., Inc.*, No. CV-19-8115-DMG-GJSX, 2020 WL 509170, at *1 n.1 (C.D. Cal. Jan. 31, 2020) ("*Beecher* may not apply when the defendant served with the summons either initiated the removal or consented to it."); *Lazo v. E-Council Univ.*, No. SA-CV-2202051-CJC-JDEX, 2023 WL 6785800, at *3 (C.D. Cal. Jan. 24, 2023) (quoting *Greenfield*, 733 F. App'x at 367) ("In the Ninth Circuit, if a defendant 'either initiated the removal or consented to it, and thus indisputably had notice of the action prior to removal and notice that it was now a federal action,' that defendant may be properly served with a state-court summons after removal."); *CMB Infrastructure*, 572 F. Supp. 3d at 968-69 (same).

Here, the Defendants now challenging the efficacy of service are the same two Defendants who initiated the removal of this action from state to federal court. *See* ECF No. 1. Accordingly, the fact that Defendants were served with the state court summons that

was issued but not served prior to removal does not render service ineffective as to the removing Defendants Nationstar and U.S. Bank.[3] *See Greenfield*, 733 F. App'x at 367.

Aside from their objection to Plaintiffs' service of a state rather than federal court summons, Defendants do not otherwise challenge the sufficiency of the method or form of process. *See generally* ECF No. 10. While Defendants emphasize that Plaintiffs served Defendants with the state court summons nearly two months after Defendants removed the case to federal court, ECF No. 10, at 2, they neglect to acknowledge that such a timeline is within the ninety-day timeframe for service of process following removal. *See Lazo*, 2023 WL 6785800, at *3 (quoting *Wickersham v. Washington*, 2014 WL 3846094, at *2 (W.D. Wash. Aug. 5, 2014)) ("In an action removed from state court, the [ninety]–day period to serve process runs from the date of removal to federal court, rather than the date the action was filed in state court."); *see also CMB Infrastructure*, 572 F. Supp. 3d at 969 (explicitly applying the 90-day post-removal timeline for service of process to the time for Plaintiff

---

[3] The Court notes that, after removal to this Court by Defendants Nationstar and U.S. Bank, Plaintiffs also served Defendant MTC Financial Inc., which has not yet appeared in this action, with the state court summons, complaint, and notice of removal. *See* ECF No. 8-6. Defendant MTC Financial Inc. was not served prior to removal, nor did it initiate or consent to removal. Accordingly, Defendant MTC Financial Inc. may not be properly served with the state court summons issued prior to removal. *See Greenfield*, 733 F. App'x at 367; *Beecher*, 381 F.2d at 373.

Should Defendant MTC Financial Inc. appear and challenge the efficacy of Plaintiffs' service, the Court will be required to find that Defendant MTC Financial Inc. received insufficient service of process. *See Ghusar v. Park 'N Shade of Tuscon, Inc.*, No. 2:22-CV-00398-TLN-JDP, 2023 WL 3794294, at *3 (E.D. Cal. June 2, 2023) ("Here, Defendant was not served prior to removal, nor did they consent to removal. Additionally, Plaintiffs offer no evidence suggesting Defendant received notice of the federal action other than the fact they included the notice of removal with their service of the state court summons . . . This is insufficient. Service of a state court summons with a notice of removal does not provide notice to a defendant of a pending federal action and thus does not satisfy the requirements of Rule 4.").

to serve Defendant with a state-court summons when Defendant consented to removal). Indeed, Plaintiffs served Defendants and filed proof of service with the Court within the ninety-day post-removal window allotted by Rule 4(m). *See* ECF No. 9.

In sum, process was both timely and sufficient. Accordingly, the Court DENIES Defendants' motion to dismiss Plaintiffs' complaint for insufficient process and insufficient service of process pursuant to Rules 12(b)(4) and 12(b)(5). Further, because Defendants' motion to dismiss for lack of personal jurisdiction was predicated solely on the theory that Defendants had not been properly served, the Court also DENIES Defendants' motion pursuant to Rule 12(b)(2).

## CONCLUSION

Defendants' motion to dismiss, ECF No. 6, is **DENIED**. The hearing scheduled for December 19, 2025, is **VACATED**.

**IT IS SO ORDERED.**

Dated: December 16, 2025

Hon. Gonzalo P. Curiel
United States District Judge