UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES DOLAN, and TAMARA DOLAN,<br>Plaintiff,<br>v.<br>NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER; U.S. BANK, NATIONAL ASSOCIATION as trustee for the HARBORVIEW MORTGAGE LOAN TRUST 2006-4 MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2006-4; MTC FINANCIAL INC., d/b/a TRUSTEE CORPS; and DOES 1-100, inclusive,<br>Defendants. | Case No.: 25-cv-2242-GPC-BJW<br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS**<br>**[ECF No. 68 & 69]** |

This case involves the alleged wrongful nonjudicial foreclosure sale of Plaintiffs' family residence. ECF No. 65, ¶ 1. Before the Court are two motions to dismiss Plaintiffs' complaint: one filed by Defendants Nationstar Mortgage LLC ("Nationstar")

and U.S. Bank, National Association as trustee for the Harborview Mortgage Loan Trust 2006-4 Mortgage Pass-Through Certificates, Series 2006-4 ("U.S. Bank"), ECF No. 69; and one filed by MTC Financial Inc., doing business as Trustee Corps ("Trustee Corps"), ECF No. 68. For the reasons set forth below, the Court GRANTS both motions to dismiss.

## BACKGROUND

### I. Assignments of DOT and Note

On March 16, 2006, Plaintiffs executed an adjustable rate mortgage secured by a Deed of Trust ("DOT") on the Subject Property. ECF No. 65, ¶ 11. The DOT identified Countrywide Home Loans, Inc. as the lender, Mortgage Electronic Registration Systems, Inc. ("MERS") as the nominal beneficiary, and Reconstruct Company, N.A. as the trustee. *Id*.

The DOT and associated Note then underwent a series of purported Assignments. The order of events is as follows:

On or before April 28, 2006, Plaintiffs' mortgage loan was sold to the HarborView Mortgage Loan Trust 2006-4 mortgage-backed securities trust, for which Defendant U.S. Bank serves as trustee. ECF No. 65, ¶ 12. This securitization was governed by a Pooling Service Agreement ("PSA"), which required that all mortgage loans be transferred to the trust on or before April 28, 2006. ECF No. 65, ¶ 14.

On June 7, 2011, MERS executed an Assignment of Deed of Trust ("Assignment 1") purporting to transfer all beneficial interest in Plaintiffs' DOT, together with the Note, to BAC Home Loans Servicing LP fka Countrywide Home Loans Servicing, LP ("BAC"). This assignment was recorded on June 13, 2011. ECF No. 65, ¶ 22. Plaintiffs allege that, at the time of Assignment 1, MERS no longer held any interest in Plaintiffs' mortgage loan to convey, as it had been sold to Harborview Mortgage Loan Trust. ECF No. 65, ¶ 23. Further, Plaintiffs allege that, even prior to the sale, MERS had no interest in the Note or authority to assign the debt it purports to have assigned. *Id*.

On July 31, 2013, Bank of America National Association ("BANA"), successor by merger to BAC, by Select Portfolio Servicing, Inc. ("SPS") as its attorney in fact, executed a Corporate Assignment of Deed of Trust ("Assignment 2") purporting to transfer the beneficial interest in Plaintiffs' DOT, but not the Note, to U.S. Bank as trustees for the securities trust. *Id*. ¶ 17; ECF No. 65, ¶ 24. Plaintiffs allege that Assignment 2 "is a legal nullity" because the DOT cannot be transferred without the Note. ECF No. 65, ¶ 25.

On August 21, 2013, the servicing agent for U.S. Bank executed a Substitution of Trustee purporting to substitute National Default Servicing Corporation ("NDSC") as trustee under the Plaintiffs' DOT. ECF No. 65, ¶ 26. The Substitution of Trustee was recorded on August 28, 2023. *Id*. Plaintiffs allege that the Substitution of Trustee "is

void" because U.S. Bank lacked authority to execute the Substitution because it never received effective assignment of any interest in Plaintiff's loan. ECF No. 65, ¶ 27.

On October 15, 2013, Albeir Younan, Assistant Vice President of BANA, executed an Assignment of Deed of Trust ("Assignment 3") purporting to assign the beneficial interest in Plaintiffs' DOT, together with the Note, to Nationstar Mortgage LLC. Assignment 3 was recorded on October 24, 2013. ECF No. 65, ¶ 28. Plaintiffs allege that Assignment 3 "is fraudulent and void" because, at the time of Assignment 3, BANA had already assigned its purported interest in the loan and was not the purported beneficiary of record. ECF No. 65, ¶ 28.

On July 10, 2014, U.S. Bank, as trustee for the securities trust, executed an Assignment of Deed of Trust ("Assignment 4") purporting to assign the beneficial interest in Plaintiffs' DOT to Nationstar. Assignment 4 was recorded on July 10, 2014. ECF No. 65, ¶ 30. Plaintiffs allege that Assignment 4 is "void" because, at the time of Assignment 4, (1) U.S. Bank had nothing to assign, and (2) Nationstar was already the purported beneficiary of record when Assignment 4 was recorded. ECF No. 65, ¶ 31.

On October 10, 2024, Nationstar executed a final Corporate Assignment of Deed of Trust purporting to assign its interest back to U.S. Bank as trustee for the securities trust ("Assignment 5"). Assignment 5 was recorded on October 15, 2024. ECF No. 65, ¶ 32.

Thus, a summary of the Assignments is as follows: (1) from MERS to BAC Home Loans Servicing; (2) from BANA (successor by merger to BAC) to U.S. Bank; (3) from BANA to Nationstar; (4) from U.S. Bank to Nationstar; (5) from Nationstar to U.S. Bank.

## II. Foreclosure Process

On June 24, 2024, Defendant Trustee Corps recorded a Substitution of Trustee purporting to substitute itself as trustee under the DOT. ECF No. 69-1, at 43. Trustee Corps also recorded a Notice of Default and Election to Sell Under Deed of Trust. ECF No. 65, ¶ 39. The Notice of Default declared a default amount of $678,914.77 as of June 24, 2024, and was executed by Dexter Honeycutt on behalf of Nationstar as attorney-in-fact for U.S. Bank. ECF No. 65, ¶ 40.

The Declaration of Compliance in the Notice of Default checks only box 2, indicating: "The mortgage servicer has tried with due diligence to contact the borrower as required by California Civil Code § 2923.55(f) but has not made contact despite such due diligence." ECF No. 65, ¶ 41. The Declaration of Compliance further states: "I certify that this declaration is accurate, complete, and supported by competent and reliable evidence which the mortgage servicer has reviewed to substantiate the borrower's default and the right to foreclose, including the borrower's loan status and loan information." ECF No. 65, ¶ 42.

Plaintiffs sent debt validation letters to Defendants pursuant to the Fair Debt Collection Practices Act, including a September 16, 2024, letter to Nationstar. ECF No.

65, ¶ 58. Plaintiffs allege that Defendants did not provide verification, and sent any responses to Plaintiffs' former attorney, not to Plaintiffs. ECF No. 65, ¶ 59.

On October 17, 2024, MTC recorded a Notice of Trustee's Sale ("NOTS") scheduling a sale for December 4, 2024. ECF No. 65, ¶ 43. The NOTS was subsequently rescheduled multiple times and ultimately scheduled for July 23, 2025. *Id*. The NOD declares a default amount of $678,914.77, while the NOTS states a total amount due of $1,155,872.87—a difference of $476,958.10. ECF No. 65, ¶ 44. Plaintiff alleges that this difference reflects additional fees and costs that were not properly documented or verified. ECF No. 65, ¶ 44.

On July 21, 2025, Plaintiffs recorded a Notice of Pendency of Action (Lis Pendens), providing constructive notice to all persons that Plaintiffs' action affects title to the Subject Property. ECF No. 65, ¶ 46. This notice was recorded two days before the foreclosure sale. ECF No. 65, ¶ 46.

On July 23, 2025, MTC conducted a nonjudicial foreclosure sale of the Subject Property. ECF No. 65, ¶ 48. Defendant U.S. Bank—acting through its agents Nationstar and MTC—submitted a credit bid that deliberately exceeded all competing bids, thereby acquiring the Property for itself. ECF No. 65, ¶ 50. Plaintiff alleges that U.S. Bank's credit bid was hundreds of thousands of dollars higher than the amount necessary to satisfy the purported indebtedness and costs of sale. ECF No. 65, ¶ 51.

/ / /

## III. Procedural Background

Plaintiffs James and Tamara Dolan filed suit against Nationstar, U.S. Bank, Trustee Corps, and Does 1-100, inclusive, in state court. ECF No. 1-3. Defendants removed the case to federal court on the basis of federal question jurisdiction. ECF No. 1, at 2.

In their SAC, Plaintiffs bring claims for (1) wrongful foreclosure; (2) violation of the California Homeowners' Bill of Rights, California Civil Code § 2924.17(b) against Nationstar and MTC; (3) violation of California Civil Code § 2923.55 against Nationstar and MTC; (4) fraud. *See generally* ECF No. 65. Plaintiffs also bring a claim for quiet title against Defendants U.S. Bank, and a claim for violation of the Federal Debt Collection Practices Act ("FDCPA") against Nationstar. *Id*.

# LEGAL BACKGROUND

## I. Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Dismissal under Rule 12(b)(6) is appropriate where the complaint fails to state or allege sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

When reviewing a Rule 12(b)(6) motion, the court accepts all facts alleged in the complaint as true and draws all reasonable inferences in favor of the non-moving party. *Chubb Custom Inc. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013). However, a court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

"Where a motion to dismiss is granted, 'leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *Corbett v. Pharmacare U.S., Inc.*, 544 F. Supp. 3d 996, 1003 (S.D. Cal. 2021) (quoting *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992)).

"In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1988) (emphasis in original). A court may, however, consider

such facts in determining whether to grant leave to amend. *See Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003). Accordingly, the Court will limit its analysis of the motions to dismiss the allegations included in the SAC.

## II. Request for Judicial Notice

Defendants Nationstar and U.S. Bank have requested judicial notice of eleven exhibits, all of which are recorded instruments referenced in Plaintiffs' SAC. ECF No. 69-1. The exhibits include the initial Deed of Trust ("DOT"), each Assignment of the DOT, two Substitutions of Trustees, the Notice of Default, the Notice of Trustee's Sale, and the Trustee's Deed Upon Sale. ECF No. 69-1, at 2-3. Defendant Trustee Corps also seeks judicial notice of ten recorded documents, all of which overlap with Nationstar and U.S. Bank's request for judicial notice. ECF No. 68-1, at 2-3. Plaintiff did not request judicial notice but filed a supplemental document that included three exhibits. ECF No. 66.

### A. Legal Standard

Generally, on a motion to dismiss, courts will limit their review to the contents of the complaint and may only consider extrinsic evidence that is properly presented as part of the complaint. *See Lee v. City of L.A.*, 250 F.3d 668, 688-89 (9th Cir. 2001). However, a court may "consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—

without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003).

Under Federal Rule of Evidence 201, a district court may take notice of facts not subject to reasonable dispute that are capable of accurate and ready determination by sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). A court can therefore "take judicial notice of matters of public record," but "cannot take judicial notice of disputed facts contained in such public records." *Lee*, 250 F.3d at 689; *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018), cert. denied sub nom. *Hagan v. Khoja*, 139 S. Ct. 2615 (2019). The court may take notice of such facts on its own, and "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c).

**B. Judicial Notice Analysis**

Defendants seek judicial notice of the documents on the grounds that each document is recorded and is therefore a public record. ECF No. 69-1, at 3. Defendants further assert that the Court can notice facts that derive from the legal effect of a legally operative document. *Id*. Plaintiff concedes that the Court may take judicial notice of the requested documents. ECF No. 68, at 8. However, Plaintiffs oppose Defendants' requests to the extent they ask the Court to take judicial notice of the truth of disputed factual statements contained within the documents. *Id*.

To the extent that the recorded documents are public records and Plaintiffs do not dispute their authenticity, the Court takes judicial notice of Exhibits 1-11 to Nationstar and U.S. Bank's motion to dismiss (which includes Exhibits 1-10 of Defendant Trustee Corps' request for judicial notice). ECF No. 69-1. The Court grants judicial notice to Ex.1 of Plaintiff's supplemental document as Defendants do not dispute its authenticity and it is a public record. ECF No. 66. The Court does not grant judicial notice as to the truth of disputed facts stated in the documents. *Lee*, 250 F.3d at 690. However, where appropriate, the Court may "take judicial notice of the documents' legal effect under California's non-judicial foreclosure scheme." *Elliott v. Mortg. Elec. Registration Sys., Inc.*, No. 12-CV-4370 YGR, 2012 WL 12965955, *2 (N.D. Cal. Dec. 7, 2012) (citing *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 265 (2011)).

Additionally, "a court may consider evidence on which the complaint necessarily relies if: (1) the complaint refers to the document; (2) the document is central to the plaintiffs' claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Daniels–Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (internal quotation marks omitted). As noted, Plaintiffs do not dispute the authenticity of the documents, though they take issue with some factual statements contained therein. Further, Plaintiffs' SAC references and relies upon each document included in Defendants' requests for judicial notice. This reliance constitutes additional grounds to grant the request for judicial notice of the recorded documents contained in Exhibits 1-11.

Accordingly, the Court grants the requests for Judicial Notice of Exhibits 1-11 to Nationstar and U.S. Bank's motion to dismiss (which includes Exhibits 1-10 of Defendant Trustee Corps' request for judicial notice), along with Plaintiff's request to notice Ex. 1 of ECF No. 66.

## DISCUSSION

### I. Wrongful Foreclosure

Plaintiff brings a wrongful foreclosure claim against all defendants. ECF No. 65, at 14. Under California law, the elements of a wrongful foreclosure cause of action are "(1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking the sale . . . was prejudiced or harmed; and (3) in cases where the trustor or mortgagor challenges the sale, the trustor or mortgagor tendered the amount of the secured indebtedness or was excused from tendering." *Sciarratta v. U.S. Bank National Assn.*, 247 Cal. App. 4th 552, 561–562 (2016) (internal quotation marks and citations omitted).

Plaintiffs allege that the foreclosure was wrongful because (1) Defendants lacked standing to foreclose; (2) the foreclosure documents were executed based on void assignments; (3) the Notice of Default was recorded and the foreclosure pursued in violation of California Civil Code §§ 2924.17 and 2923.55; and (4) Defendants' conduct—making an inflated credit bid to outbid third-party purchasers and deprive Plaintiffs of surplus proceeds—constituted oppression, fraud, and malice. ECF No. 65, at

12. Defendant argues that the claim should fail based on a failure to allege void assignment, and a failure to plead prejudice or tender.

**A. Void or Voidable Assignments**

Plaintiff alleges that the Pooling and Servicing Agreement ("PSA") is governed by New York law and required a number of intervening endorsements and assignments to be recorded for a valid transfer. ECF No. 65, at 5-6. Plaintiff asserts that the failure to record the required intervening assignments represents a violation of the PSA. ECF No. 65, at 5-6. Plaintiff argues that the Trust never acquired the loan because the required intervening assignments and endorsements were never completed. ECF No. 65, at 14-15. As a result, Plaintiff alleges that New York Law holds that the transfer is void as it violates the terms of the trust's instruments. *Id*.

The weight of New York authority is contrary to Plaintiff's contention that, under New York law, any failure to comply with the terms of a PSA render a mortgage acquisition void. *Rajamin v. Deutsche Bank Nat. Tr. Co.*, 757 F.3d 79, 88–89 (2d Cir. 2014) (under New York law, only intended beneficiary of a private trust may enforce the terms of PSA and failure to comply with PSA did not render defendants' acquisition of plaintiffs' loans and mortgages void) *Rivac v. NDeX W., LLC*, No. 13-CV-1417-PJH, 2017 WL 1075040, at *8-9 (N.D. Cal. Mar. 22, 2017) (unauthorized acts of a trustee are not void but voidable under New York law and may be ratified by the trust's beneficiaries). California courts have similarly held "that most asserted deficiencies in

the securitization process….. render the transaction "voidable…..". *Allen v. Select Portfolio Servicing, Inc.*, No. A146795, 2017 WL 3403138, at *4 (Cal. Ct. App. Aug. 8, 2017); *see Kalnoki v. First Am. Tr. Servicing Sols.*, LLC, 8 Cal. App. 5th 23, 43 (2017) (holding any alleged irregularities in the securitization process are merely voidable). Courts have also rejected allegations that transfers made without the required intervening assignments renders a transfer void, rather than voidable. *Mironova v. Ocwen Loan Servicing, LLC*, No. A146064, 2016 WL 7338550, at *4-5 (Cal. Ct. App. Dec. 19, 2016).

As recognized in *Rajamin* and *Turner*, violations of the PSA are merely voidable rather than void. As a result, the Court rejects Plaintiffs argument that Defendants lacked standing to foreclose based on a violation of the PSA.

Next, as a third party to any assignments of the mortgage, the general presumption is that a debtor lacks standing to assert wrongful foreclosure. *See, e.g.*, *Yhundai v. IMPAC Funding Corp.*, 1 Cal. App. 5th 1252, 1256 (2016) (borrower could not challenge foreclosure on the assignment of the deed of trust to the foreclosing party that bore defects rendering it voidable because any claim belonged to the parties to the assignment). "[A] home loan borrower has standing to claim a nonjudicial foreclosure was wrongful because an assignment by which the foreclosing party purportedly took a beneficial interest in the deed of trust was not merely voidable but void." *In re Turner*, 859 F.3d at 1149 (quoting *Yvanova v. New Century Mortg. Corp.*, 62 Cal.4th 919, 929

(2016)). "Unlike a voidable transaction, a void one cannot be ratified or validated by the parties to it even if they so desire." *Id*. (quoting *Yvanova*, 62 Cal. 4th at 936).

A plaintiffs' standing to raise such a challenge rests upon the debtor's "assert[ion of] her own interest in limiting foreclosure on her property to those with legal authority to order a foreclosure sale." *Yvanova*, 62 Cal. 4th at 937. Thus, for a wrongful foreclosure plaintiff bringing her claim based on a void assignment, her "standing is predicated upon the loss of ownership of her home due to an allegedly illegal trustee's sale that, but for the purported beneficiary's actions in ordering the sale based upon the allegedly void assignment, would not have occurred." *Marshall v. Gen. Motors/Corp. Serv. Co.*, No. 18 CV-2551-GPC-JLB, 2019 WL 2642661, at *5 (S.D. Cal. June 27, 2019) (citing *Yvanov*a, 62 Cal. 4th at 937).

Plaintiffs allege that the assignments at issue are void because (1) MERS lacked authority to assign the DOT and Note, (2) Assignment 2 was void because it transfers the DOT without the note, (3) Assignments 3-5 are void because the assignees had nothing to assign. ECF No. 65 at 16.

**1. MERS' Had Sufficient Authority to Assign the DOT**

As discussed in the Court's previous order, MERS had sufficient authority to execute Assignment 1 based on the plain language of the Deed of Trust. ECF No. 68 at 17. The Deed of Trust identifies MERS as a "beneficiary" of the loan and a "nominee for Lender and Lender's successors and assigns." *Id*. (emphasis added). The DOT continues that

"MERS holds only legal title to the interests granted by the Borrower in this Security instrument, but . . . MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interest, including, but not limited to, the right to foreclose and sell the property." *Id*. at 8-9. Courts have repeatedly found that this language grants MERS the authority to assign its interest in a DOT after the initial lender has transferred the property. (citing *Avila v. Wells Fargo Bank, Nat'l Ass'n*, No. C 16-05904 WHA, 2016 WL 7425925, at *2-*3 (N.D. Cal. Dec. 23, 2016); *Ratliff v. JPMorgan Chase Bank N.A.*, No. 17-CV-02155-EMC, 2017 WL 2876141, at *8 (N.D. Cal. July 6, 2017); *Marshall*, 2019 WL 2642661, at *8. Therefore, based on the plain language of the recorded documents, MERS was authorized to assign the DOT in assignment 1 ensuring that Assignment 1 was not void on these grounds.

2. <u>The Assignments are Not Void Based on the Splitting-the-Note Theory</u>

Plaintiffs now argue that Assignment 1 and 2 are void on the grounds that MERS only had the authority to assign the DOT not the Note. ECF No. 65, at 15. However, "California's non-judicial foreclosure law rejects the splitting-the-note theory." *Kramer v. Bank of Am.*, N.A., No. 1:13-cv-01499, 2014 WL 1577671, at *8 (E.D. Cal. Apr. 17, 2014); *see also Spangler v. Selene Fin. LP*, No. 16-CV-01503-WHO, 2016 WL 3951654, at *4 n.8 (N.D. Cal. July 22, 2016) (rejecting plaintiff's argument that her mortgage was rendered void when the deed of trust was allegedly assigned without the promissory note); *Marshall*, 2019 WL 2642661, at *6 ("Because a 'party need not possess [the]

promissory note to foreclose,' there is no reason to credit Plaintiff's assertion that the assignments are void for want of the Note." (quoting *Robertson v. Citibank*, NA, 713 F. App'x. 612, 613 (9th Cir. 2018) (unpublished)).

The Court previously rejected this splitting-the-note theory in its prior order. ECF No. 62, at 14-15. Plaintiffs now cite *Carpenter* for authority to support their argument, quoting, "The note and mortgage are inseparable; the former as essential, the latter as an incident. An assignment of the note carries the mortgage with it, while an assignment of the latter alone is a nullity." *Carpenter v. Longan*, 16 Wall. 271, 83 U.S. 274 (1872). However, Plaintiff's contention that only the possessor of the original wet-ink signature note may lawfully initiate a non-judicial foreclosure has been raised and rejected. *Heflebower v. JPMorgan Chase Bank, NA*, No. 1:12-CV-01671-AWI, 2013 WL 5476806, at *8 (E.D. Cal. Sept. 30, 2013) (California is a non-judicial foreclosure state and requires neither possession nor production of the original note in order to initiate non-judicial foreclosure proceedings under a deed of trust). "Under California law, there is no requirement that a trustee produce the original promissory note prior to a non-judicial foreclosure sale." *Wootten v. BAC Home Loans Servicing, LLP*, 2011 WL 500067 at *7 (N.D.Cal. Feb.8, 2011). *Carpenter* is distinguishable because it did not involve a home mortgage in default, but rather a loan relating to a financial loss concerning wheat and flour. In *Reardean v. Citimortgage, Inc*., 2011 WL 3268307, at *4 (W.D.Tex. July 25, 2011), the district court observed "*Carpenter* was written almost 120

years ago and has no relevance regarding whether, in this modern day and age, sending a deed of trust to an electronic title-holding company for storage and transfer renders a mortgage invalid and unenforceable."

As a result, the Court again rejects Plaintiffs' splitting-the-note argument and the contention that Assignment 2 is void based on the splitting the note theory is also rejected.

### 3. Assignments 3-5 are Not Void

In its previous order, the Court previously identified a number of issues with Assignment 3. However, the Court ruled that the flawed nature of Assignment 3 did not convey standing to Plaintiffs because it did not bear on the legal authority of the ultimate foreclosing party. *Pointheaux*, 2021 WL 211252, at *5 (declining to dismiss claims when BANA similarly assigned its interest in the DOT twice, but where the alleged ultimate interest lied with different parties). *See also Kalnoki v. First Am. Tr. Servicing Sols.*, LLC, 8 Cal. App. 5th 23, 50 (2017) ("Thus, even assuming for sake of argument that prejudice can be established simply by alleging facts showing the wrong party foreclosed as found in *Sciarratta*, the judicially noticeable documents in this case show the proper party foreclosed[.]"). Plaintiffs have still not alleged facts to demonstrate that any assignment impacting U.S. Bank's ultimate interest was void. Instead, the chain of recorded assignments demonstrate a cohesive chain of title from MERS to U.S. Bank. Per Plaintiffs' complaint, after BANA purported to transfer its interest to Nationstar, U.S.

Bank—the party to which the recorded documents demonstrate an unbroken chain of title—assigned its interest to Nationstar on July 10, 2014. ECF No. 65, at 7-8. As a result, Plaintiffs still have not alleged that any errors impacted Nationstar's ultimate interest and authority to assign the interest back to U.S. Bank.

Therefore, Plaintiffs have not adequately shown than U.S. Bank lacked the authority to foreclose. For these same reasons, Plaintiffs have not sufficiently alleged that Assignments 4-5 were void rather than voidable.

In light of the above analysis, the Court rejects Plaintiffs' claim or wrongful foreclosure based on void assignments.

**B. Plaintiffs have Failed to Adequately Allege Prejudice**

However, even if a defective assignment has taken place, a plaintiff alleging wrongful foreclosure based on a void assignment must show some additional prejudice beyond the foreclosure itself. *Cardenas v. Caliber Home Loans, Inc.*, 281 F. Supp. 3d 862, 872 (N.D. Cal. 2017) ("The weight of published California Court of Appeal decisions, however, holds that a borrower must alleges prejudice beyond the foreclosure itself."). Thus, a plaintiff alleging wrongful foreclosure on the basis of a void assignment must allege additional harm stemming from the assignment, "like (1) that the void assignment changed the borrower's payment obligations; (2) that the void assignment 'interfered in any manner with [the borrower's] payment'; or (3) that the true owner of the loan—the entity that actually has the authority to foreclose—'would have refrained from

foreclosure under the circumstances presented.'" *Cardenas*, 281 F. Supp. 3d at 872 (quoting *Fontenot v. Wells Fargo Bank, N.A.,* 198 Cal. App. 4th 256, 272 (2011)). This requirement rests on the reasoning that "because an assignment on its own 'merely substitute[s] one creditor for another, without changing' the borrower's payment obligations, the 'true victim' of a void assignment is not the borrower, but rather the true owner of the loan, because a void assignment causes the true owner of the loan to 'suffer[] the unauthorized loss' of the loan." *Id*. (quoting *Fontenot*, 198 Cal. App. 4th at 480).

Plaintiffs are unable to adequately allege prejudice. Plaintiffs state that as a result of the foreclosure Plaintiffs "lost their home, lost their equity, lost the opportunity for surplus proceeds, suffered damage to their credit, and suffered severe emotional distress". ECF No. 65, at 17. The Court finds that this harm is the result of the foreclosure itself which is inadequate to show prejudice. *Grossman v. Wells Fargo Bank*, No. A142701, 2016 WL 97523, at *5 (Cal. Ct. App. Jan. 7, 2016)(losing home and damage to credit insufficient to allege prejudice as they are the result of the foreclosure itself)

Plaintiffs then allege that the assignments fundamentally altered their ability to determine to whom their mortgage obligation was owed and prevented them from seeking a loan modification with the true party in interest. ECF No. 65, at 17. The Court finds that these allegations are the result of merely substituting one creditor for another and do not change the borrower's payment obligations. Because a promissory note is a

negotiable instrument, a borrower must anticipate it can and might be transferred to another creditor. *Herrera v. Fed. Nat'l Mortg. Assn.*, 205 Cal. App. 4th 1495, 1507–08 (2012). Here, none of Plaintiffs' payment terms were modified by the assignment. The Court finds that Plaintiffs' allegations of prejudice are conclusory. More importantly Plaintiffs' allegations do not allege that they were denied a modification, that a modification would have been granted, or that the "true owner" of the loan would have "refrained from foreclosure."

Plaintiff's allegation that they were unable to determine which entity actually held their loan is contrary to documents that are subject to judicial notice. The NOD recorded on June 24, 2024 identifies U.S. Bank as the beneficiary, executed by Nationstar as its attorney-in-fact and servicer. ECF No. 68-1. The NOTS likewise identifies U.S. Bank as the beneficiary. ECF No. 68-1, at 50. Plaintiffs do not argue that they never received these documents or were unaware of their contents. Therefore, the content of these documents clearly contradict Plaintiffs' argument that they were unable to determine which entity owned their loan. *See Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir.) (courts entertaining motions to dismiss need not accept as true allegations that "contradict matters properly subject to judicial notice"). Plaintiffs also state that they sent a debt validation letter to Nationstar on September 16, 2024, which shows they were aware of who to contact regarding their loan obligations. ECF No. 65, at 29. Plaintiffs'

allegations regarding their confusion are contradicted by the record and do not plausibly allege prejudice.

**C. Plaintiffs Failed to Sufficiently Allege Tender**

Even if Plaintiff was able to allege prejudice, Plaintiffs have failed to allege tender. "The tender rule applies to equitable claims, such as claims to set aside a trustee's sale, to quiet title, to cancel an instrument, or for wrongful foreclosure." *Santana v. BSI Fin. Servs., Inc.*, 495 F. Supp. 3d 926, 937 (S.D. Cal. 2020) (quoting *Green v. Central Mortg. Co.*, 148 F. Supp. 3d 852, 870 (N.D. Cal. 2015)). "The rationale behind the rule is that if plaintiffs could not have redeemed the property had the sale procedures been proper, any irregularities in the sale did not result in damages to the plaintiffs." *FPCI RE-HAB 01 v. E & G Investments, Ltd.*, 207 Cal. App. 3d 1018, 1022 (1989). California caselaw recognizes four exceptions to the tender rule, including where (1) a borrower attacks the validity of the underlying debt; (2) the person seeking to set aside the sale has a counter-claim against the beneficiary; (3) tender would be inequitable; and (4) the trustee's deed is void on its face. *Lona v. Citibank, N.A.*, 202 Cal. App. 4th 89, 112 13 (2011). A plaintiff may be excused from the tender rule if his allegations support an exception. *See Sciarratta*, 247 Cal. App. 4th, at 568 (if the plaintiff properly alleges the foreclosure is void, tender is not required in causes of action for wrongful foreclosure, cancellation, of instruments and quiet title); *Azam v. Wells Fargo Bank, N.A.*, 677 Fed. App'x 326, 327 (9th Cir. 2017) ("A full tender may not be required where one or more of four recognized

exceptions applies.”). Courts have discretion in considering whether application of the tender rule would be equitable in a given circumstance. *Santana*, 495 F. Supp. 3d at 938.

Plaintiffs allege that they are excused from tender as the foreclosure sale is void. ECF No. 65, at 18. The Court has rejected this argument and Plaintiffs are unable to show that they are excused from tender. Plaintiffs then argue that requiring tender would be inequitable as Defendants lacked the ability to foreclose. *Id*. The Court has also rejected this argument above. Thus, Plaintiffs have failed to prove tender was made or that tender was not required under any applicable exception.

**D. Other Theories of Wrongful Foreclosure**

Plaintiffs allege additional wrongful foreclosure theories that are unrelated to the void assignment theory.

Notably, Plaintiffs allege that U.S. Bank “made an inflated credit bid that substantially exceeded all third-party bids and substantially exceeded the amount necessary to satisfy the purported indebtedness—by hundreds of thousands of dollars”. ECF No. 65, at 18. The Court finds this argument is contradicted by judicially noticed documents. The Trustee Deed Upon Sale identifies the amount of unpaid debt as $1,201,556.66. ECF No. 69-1, at 59. The document then identifies the amount paid at the sale as $1,201,556.66. *Id*. A "lender is entitled to make a credit bid up to the amount of the outstanding indebtedness." *Biancalana v. T.D. Serv. Co.*, 56 Cal.4th 807, 816 (2013). In their opposition, Plaintiffs point to the $476,958.10 difference between the Notice of

Default ("NOD") and the Notice of Trustee's Sale in arguing that the documents were not accurate. ECF No. 73, at 5. Even if the Court were to credit this argument, Plaintiffs failed to tender the debt. An action to set aside a foreclosure sale, unaccompanied by an offer to redeem, does not state a cause of action which a court of equity recognizes. *Karlsen v. American Sav. & Loan Assn.,* 15 Cal.App.3d 112, 117 (1971). Plaintiffs never allege that the differentiation would have affected their ability to tender. As a result, any wrongful foreclosure claim based on this theory is rejected. *Anaya v. Advisors Lending Group*, 2009 WL 2424037, at 10 (E.D. Cal. 2009) (wrongful foreclosure claim rejected when tender was not alleged)

Plaintiffs' other theories are based on alleged violations of California Civil Code §2923.55 and California Civil Code § 2924.17. As discussed below, Plaintiffs have failed to allege a violation of § 2924.17. Therefore, Plaintiffs' theories for wrongful foreclosure under this provision is rejected. While the Court finds below that Plaintiffs have sufficiently pled a claim under §2923.55, this is not sufficient to state a claim for wrongful foreclosure in the absence of prejudice. As a result of a §2923.55 violation, Plaintiffs allege damages which include loss of their home, loss of equity, and emotional distress. ECF No. 65, at 23. The Court finds that these damages are simply the result of the wrongful foreclosure and are insufficient to show prejudice. *Grossman*, 2016 WL 97523, at *5. Plaintiffs then allege that they were unable to explore options to avoid foreclosure because Defendants never contacted them. ECF No. 65, at 23. These

allegations are conclusory and do not state that any efforts would have resulted in avoiding foreclosure. Without more, the Court finds that Plaintiffs' §2923.55 violation is insufficient to support a wrongful foreclosure claim.

Accordingly, the Court GRANTS Defendants' motion to dismiss Plaintiffs' wrongful foreclosure cause of action. As Plaintiffs have recycled many of the prior legal arguments from the Second Amended Complaint, the Court grants dismissal without leave to amend as any amendment would be futile.

**E. MTC's Conduct are Protected Pursuant to § 2924(d)**

The Court has already found that Plaintiff's wrongful foreclosure claims are insufficiently pled, however, Defendant MTC Financial further argues that their conduct is privileged and therefore not actionable. ECF No. 68, at 12. § 2924(d) states that the "'mailing, publication, and delivery' of foreclosure notices and 'performance' of foreclosure procedures'" are "privileged communications" under California law. *Cisneros v. Instant Cap. Funding Grp., Inc.*, 263 F.R.D. 595, 605 (E.D. Cal. 2009) (quoting Cal. Civ. Code § 2924(d)); *see also Permito v. Wells Fargo Bank*, N.A., No. C–12–00545–YGR, 2012 WL 1380322, at *8 (N.D. Cal. Apr. 20, 2012) (citing *Kachlon v. Markowitz*, 168 Cal. App. 4th 316 (2008)) ("Absent factual allegations of malice, a trustee's performance of the statutory procedures in a nonjudicial foreclosure is subject to the qualified, common-interest privilege of California Civil Code § 47(c)(1).").

Plaintiffs' claims against MTC address their role in the foreclosure process pursuant to Section 2924(d). As to the form of immunity provided by § 2924, courts have observed that § 2924 "fails to specify whether the intended . . . privilege is absolute or qualified, creating an ambiguity in the statute." *Alphonso v. Real Time Resols., Inc.*, No. 23-CV-01488-JSC, 2023 WL 3794502, at *2 (N.D. Cal. June 2, 2023) (quoting *Kachlon v. Markowitz*, 168 Cal. App. 4th 316, 334 (2008)) (cleaned up).

The Court need not resolve which privilege applies because Trustee Corps' alleged activity was privileged under even the lower qualified privilege standard. Trustee Corps' conduct in recording foreclosure-related documents is covered by qualified privilege unless it was undertaken with malice. *Alphonso*, 2023 WL 3794502, at *2. In this context, an action was undertaken with malice if "the publication was motivated by hatred or ill will towards the plaintiff or . . . the defendant lacked reasonable grounds for belief in the truth of the publication and therefore acted in reckless disregard of the plaintiff's rights." *Kachlon*, 168 Cal. App. 4th at 336 (internal quotation marks and citation omitted).

Plaintiffs argue that MTC acted with malice based on the difference between the default amount and the amount due in the Notice of Trustee Sale. ECF No. 75, at 4. Specifically stating that MTC "lacked reasonable grounds for the belief in the truth of these documents". *Id*. However, these conclusory allegations do not constitute a reckless disregard of Plaintiffs' rights. At most, Plaintiffs have alleged negligence in reporting the

amount due in the notice of default. *Hovey v. F.S.B.*, No. 2:22-CV-06367-SB-AS, 2022 WL 18216093, at *4 (C.D. Cal. Nov. 15, 2022) (finding inaccurate reporting of amount due in notice of default was negligence rather than malice). Plaintiffs then argue that MTC acted with malice by falsely certifying that the mortgage servicer had relied on competent and reliable evidence. ECF No. 75, at 4. Plaintiffs base this argument on defects in the chain of title. *Id*. The Court has already rejected this argument. Even if the Court credited this argument, a trustee is not liable for failing "to verify that the beneficiary received a valid assignment of the loan" before initiating foreclosure proceedings. *Thompson v. Parto*, No. 23-15785, 2024 WL 4707884, at *2 (9th Cir. Nov. 7, 2024); (citing *Citrus El Dorado, LLC v. Chicago Title Co.*, 32 Cal. App. 5th 943, 949 (2019)) (rejecting argument that trustee had duty to verify beneficiary received a valid assignment); *accord Heritage Oaks Partners v. First Am. Title Ins. Co.*, 155 Cal. App. 4th 339, 345 (2007)

Lastly, Plaintiffs argue that MTC acted with malice based on the filing of a Notice of Pendency of Action (Lis Pendens) two days before the sale. ECF No. 75, at 4. Plaintiffs cite to *Homeward*, for the proposition that a lis pendens recorded before a sale constitutes a "cloud" on title that must be cleared before the sale can be perfected. *Homeward Opportunities Fund I Tr. 2019-2 v. Taptelis,* No. H049791, 2024 WL 1397272, at *12 (Cal. Ct. App. Apr. 2, 2024). However, the court in *Homeward* held that the lis pendens was invalid to the trustee as Plaintiffs failed to file proof of service. *Id*. at

17. In the absence of proof of service, the lis pendens did not cloud title. *Id*. Here, Plaintiffs filed a Notice of Pendency of action as an exhibit without a proof of service. ECF No. 66. At no point in the SAC does Plaintiffs allege that Defendant was properly served with the lis pendens prior to the sale. Instead, Plaintiffs broadly allege that Defendant had constructive notice of the challenge. ECF No. 75, at 4. These allegations alone are insufficient to show there was any "cloud" on the title.

Accordingly, Plaintiff's wrongful foreclosure claim against Trustee Corps fails due to statutory qualified privilege.

## II. Quiet Title

Plaintiffs allege a Quiet Title claim against U.S. Bank. ECF No. 65, at 19. An action to quiet title can be brought "to establish title against adverse claims to real or personal property or any interest therein." Cal. Civ. Proc. Code § 760.020. To state a cause of action for quiet title, a plaintiff must allege (1) the property's legal description and its street address or common designation; (2) the plaintiffs' title and the basis of the title; (3) the "adverse claims to the title against which a determination is sought"; (4) the "date the determination is sought"; and (5) a prayer for the determination of the plaintiffs' title against the adverse claims. Cal. Civ. Proc. Code § 761.020. In California, a plaintiff may "assert quiet title only if they currently possess an interest in the property at issue." *Jacobsen v. Aurora Loan Servs.*, LLC, 661 F. App'x 474, 476 (9th Cir. 2016) (unpublished) (citing *Gerhard v. Stephens*, 68 Cal. 2d 864 (1968)); *Lanin v. Wells Fargo*

*Bank NA*, No. CV S-09-2461 FCD/DAD, 2010 WL 11574165 (E.D. Cal. Feb. 19, 2010) ("In order to proceed on a claim to quiet title, the plaintiff must have a legal interest in the property.")

Plaintiffs have failed to satisfy the second element of a Quiet title claim. Specifically, Plaintiffs have not pled sufficient facts to show that they retain an interest in the property. Following the foreclosure sale, the deed of sale shows U.S. Bank has an interest in the property. Plaintiffs point to the original Deed of Trust and Grant Deed while stating their interest was never validly conveyed as the foreclosure sale was void. ECF No. 65, at 19. This reasoning recycles arguments based on void assignments and violations of the PSA that the Court has rejected above and are insufficient to show Plaintiffs retained an interest in the property.

Accordingly, Plaintiffs have failed to state a claim for quiet title against U.S. Bank, and U.S. Bank's motion to dismiss this claim is GRANTED without leave to amend.

**III. California Civil Code § 2924.17**

Plaintiffs allege violations of sections (a) and (b) of § 2924.17 by Nationstar and MTC. "California Civil Code § 2924.17(a) mandates that certain documents related to the foreclosure process, including 'a notice of default, notice of sale, assignment of a deed of trust, or substitution of trustee recorded by or on behalf of a mortgage servicer in connection with a foreclosure,' 'shall be accurate and complete and supported by competent and reliable evidence.'" *Cardenas v. Caliber Home Loans, Inc.*, 281 F. Supp.

3d 862, 868 (N.D. Cal. 2017) (quoting Cal. Civ. Code § 2924.17). California Civil Code § 2924.17(b) provides: "Before recording or filing any of the documents described in subdivision (a), a mortgage servicer shall insure that it has reviewed competent and reliable evidence to substantiate the borrower's default and the right to foreclosure including the borrower's loan status and loan information."

First, the Court will address Plaintiffs' claims under California Civil Code § 2924.17(b). Plaintiffs argue that 2924.17(b) was violated because the chain of title was "fundamentally defective", and Defendants lacked standing to foreclose. ECF No. 65, at 21. As discussed above, the assignments in the chain of title are not void and any defect did not affect the ultimate interest of the foreclosing party. As a result, this argument is insufficient to invoke § 2924.17(b).

Plaintiffs next argue that California Civil Code § 2924.17(a) was violated because of inconsistencies with the NOD and NOTS. ECF No. 65, at 21. Specifically, Plaintiffs point to the difference in the default amount of $678,914.77 and the total amount due $1,155872.87. *Id*. Based on this difference, Plaintiffs allege that the documents were not accurate, complete, or supported by competent and reliable evidence. *Id*. Courts have held that § 2924.17 claims are sufficient based on wide variations in the amount owed on a loan. *Penermon v. Wells Fargo Bank, N.A.*, 47 F. Supp. 3d 982, 997–98 (N.D. Cal. 2014) (substantial increase in amount of Plaintiff's purported arrears in the NOD could be explained by Defendant's failure to verify the amount with competent and reliable

evidence); *see also Hoggan v. Specialized Loan Servicing*, LLC, No. 2:21-CV-01862-TLN-CKD, 2021 WL 5180150, at *5 (E.D. Cal. Nov. 8, 2021). In response, Defendant argues that this difference represents the accrual of interest, fees, and advances on a default loan. ECF No. 78, at 7. However, accepting Plaintiffs' allegations as true, whether there was competent and reliable evidence to support the inconsistencies is a question of fact which is more appropriately addressed at summary judgment. *Penermon*, 47 F. Supp. 3d, at 398. However, the present inquiry does not end here.

Borrowers bringing actions under § 2924.17 can only sue for violations that are material. *Cardenas v. Caliber Home Loans, Inc.*, 281 F. Supp. 3d 862, 869–70 (N.D. Cal. 2017)(citing Cal. Civ. Code §§ 2924.12(a)(2) & (b)). Material violations are those that "affected the plaintiff's loan obligations, disrupted [their] loan modification process, or caused [them] to suffer harm" that they would not have otherwise suffered. *Warren v. PNC Bank Nat'l Ass'n*, 671 F. Supp. 3d 1035, 1043 (N.D. Cal. 2023); *see also Cardenas v. Caliber Home Loans, Inc.*, 281 F. Supp. 3d 862, 870 (N.D. Cal. 2017). Plaintiffs have failed to adequately plead that the difference in question is material. Plaintiffs have not alleged that this differentiation affected their loan obligations, disrupted the loan modification process, or caused them to suffer harm that they would not have otherwise suffered. Instead, Plaintiffs just points to the difference by itself as demonstrating that the documents were not accurate and were not supported by competent or reliable evidence.

ECF No. 73, at 5. Without any facts alleging how this differentiation affected their behavior or caused them harm, Plaintiffs have failed to allege a material violation.

Accordingly, Plaintiffs have failed to allege a violation of § 2924.17, and the Court GRANTS Defendants' motions to dismiss with leave to amend.

## IV. California Civil Code §2923.55

Plaintiffs argue that Nationstar and MTC violated California Civil Code § 2923.55. § 2923.55. Pursuant to § 2923.55, before a mortgage servicer records a Notice of Default, it must contact the borrower "in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." *Id.* § 2923.55(b)(2). To state a claim under section 2923.55, a plaintiff must allege that the required contact "either did not occur or was deficient." *Santana v. BSI Fin. Servs., Inc.*, 495 F. Supp. 3d 926, 939 (S.D. Cal. 2020). § 2923.55(f) indicates that even if contact is not made, a mortgage servicer can file a notice of default provided that the failure occurred despite the due diligence of the mortgage servicer.

Plaintiffs argue that the NOD and attached Declaration of Compliance demonstrate a violation of § 2923.55. Specifically, Plaintiffs state that "Section 2923.55(f) requires the mortgage servicer to "contact the borrower in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." ECF No. 65, at 22. Since the declaration states that contact was not made, Plaintiffs assert that it represents a violation of § 2923.55. *Id.*

Here, the Declaration of Compliance attached to the NOD confirms that Nationstar checked box 2 indicating "due diligence" was attempted but no contact was made. ECF No. 65, ¶ 108. Defendant contends that a servicer's certification that it exercised "due diligence" to contact the borrower is compliance with § 2923.55, not a violation. ECF No. 69 at 17. § 2923.55(f) lists the ways in which due diligence can be shown and contact is not required. The provisions include sending the borrower a first-class letter, attempting to call the borrower at least three different times, and sending a certified letter if the telephone calls fail. *Id*. Defendants argue that Plaintiffs have failed to allege that no phone calls were made, that no letters were sent, or that Plaintiffs were available and reachable but ignored. In response to this distinction, Plaintiffs state that the SAC alleges "no contact" and that the "due diligence" claim is a pretext". ECF No. 73, at 5.

Courts have upheld § 2923.55 claims on motions to dismiss when a Plaintiff has specifically alleged that a servicer exercised "due diligence". *Argueta v. J.P. Morgan Chase*, 787 F. Supp. 2d 1099, 1107 (E.D. Cal. 2011) (upholding § 2923.55 claim when plaintiff allegedly received no phone calls, messages, or letters via first class mail); *Caravantes v. California Reconveyance Co.*, No. 10CV1407, 2010 WL 4055560, at *8 (S.D. Cal. Oct. 14, 2010) (upholding claim when plaintiff alleged defendant did not attempt to contact him via phone). Yet, some cases have not required specific allegations in a complaint regarding the absence of due diligence provision. *See Barrionuevo v. Chase Bank, N.A.*, 885 F. Supp. 2d 964, 976–77 (N.D. Cal. 2012) (upholding § 2923.55

claim when plaintiff stated in reply to motion to dismiss that they were never called or left a voicemail); *Santana v. BSI Fin. Servs., Inc.*, 495 F. Supp. 3d at 939–40 (claim that Defendants never contacted Plaintiffs prior to the recording of the NOD supported a claim under section 2923.55).

In the present case, Plaintiffs do not affirmatively allege that Defendant failed to contact them via phone, messages or first class mail. Instead, Plaintiffs state unequivocally that Nationstar did not contact them and that the "due diligence" claim is "pretext". The Court finds that this allegation disputes the accuracy of the declaration. On a motion to dismiss, the Court does not resolve issues of fact but looks at whether the complaint alleges facts to state a plausible claim. *See Iqbal*, 556 U.S. at 678. While the Court takes judicial notice of the NOD, the Court may not consider the truth of what is asserted in the NOD. *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (judicial notice of public records is limited to the existence of the documents, not the truth of the matters stated in them); *accord Intengan v. BAC Home Loans Serv. LP*, 214 Cal. App. 4th 1047, 1057 (2013) (taking judicial notice of section 2923.5 declaration proper to show existence of the declaration but could not be taken to demonstrate compliance with section 2923.5).

Because the Plaintiffs affirmatively allege that Nationstar made no contact with them and the parties dispute the validity of the declaration of compliance, the Court

concludes Plaintiff's allegations are sufficient at this stage and DENIES Defendant's motion to dismiss Plaintiffs' § 2923.55 claim.

## V. Federal Debt Collection Practices Act

Plaintiffs allege a violation of the Federal Debt Collection Practices Act against Defendant Nationstar. "In order to state a claim under the FDCPA, a plaintiff must allege facts that establish the following: (1) plaintiff has been the object of collection activity arising from a consumer debt; (2) the defendant qualifies as a 'debt collector' under the FDCPA; and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA." *Bird v. Real Time Resols., Inc.*, 183 F. Supp. 3d 1058, 1062 (N.D. Cal. 2016) (quoting *Dang v. CitiMortgage, Inc.*, No. 5:11–cv–05036 EJD, 2012 WL 762329, at *3 (N.D.Cal. Mar. 7, 2012)).

Plaintiffs allege a violation of 15 U.S.C. § 1692g(b) for failing to provide Plaintiffs with proper debt verification. ECF No. 65, at 29. Section 1692g(a) outlines information that a debt collector shall provide to a consumer within five days of the "initial communication" regarding the collection of a debt. 15 U.S.C. § 1692g(a). After receiving that information, a consumer has thirty days to dispute the validity of the debt. 15 U.S.C. § 1692g(a)(3). If the consumer does so, then the debt collector must obtain verification of the debt. Id. § 1692g(b).

Plaintiffs state that they sent a debt validation letter to Nationstar on September 16, 2024. ECF No. 65 at 29. Plaintiffs then state that Nationstar's response was untimely and

sent to an attorney who no longer represented Plaintiff. *Id*. In response, Defendant argues that Plaintiffs did not allege a timely dispute within 30 days of the initial communication. ECF No. 69, at 20. The Court agrees. Plaintiffs only state that they sent a debt validation letter to Nationstar. At no point, do Plaintiffs state that this was the initial communication regarding collection of the debt, or provide any indication of when the initial communication was. In contrast, Defendant argues that the initial communication occurred as far back as 2014. ECF No. 69, at 21. Plaintiffs do not dispute this point in their opposition. ECF No. 73. Thus, Plaintiffs have not alleged facts demonstrating that Nationstar violated § 1692g(b). *McMillan v. Bank of Am.*, N.A., No. 14CV1575-MMA BLM, 2015 WL 1942743, at *13 (S.D. Cal. Apr. 15, 2015) (dismissing § 1692g(b) claim where plaintiff failed to allege that notification of the disputed debt was made within the thirty-day period after the receipt of the initial communication); *Aragon v. DZR Grp. Inc.*, No. 25-CV-0264-AGS-BLM, 2025 WL 1082755, at *3 (S.D. Cal. Apr. 10, 2025) (same).

Plaintiffs also claims that Nationstar violated § 1692(f)(6) "by taking a nonjudicial action to effect dispossession of property where there was no present right to possession through an enforceable security interest". ECF No. 65, at 30. Plaintiffs' argument is based on the premise that Nationstar lacked authority to foreclose as the trust never acquired the loan and the chain of title was broken. *Id*. As discussed above, the Court has rejected these arguments. As a result, Plaintiffs' claim under § 1692(f)(6) fails.

Lastly, Plaintiffs allege violations under § 1692e. However, in the Court's prior order, Plaintiffs' claims under § 1692e were dismissed without leave to amend. As a result, these claims are dismissed without leave to amend.

Accordingly, the Court GRANTS Defendant Nationstar's motion to dismiss Plaintiffs' FDCPA claim. To the extent that Plaintiffs seek to bring claims related to Nationstar's foreclosure-related activity under a section of the FDCPA other than § 1692b, such claims are dismissed without leave to amend

## VI. Fraud

Plaintiffs bring a claim for fraud against all Defendants. Under California law, the necessary elements of fraud are: (1) misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (scienter); (3) intent to defraud (i.e., to induce reliance); (4) justifiable reliance; and (5) resulting damage." *Alliance Mortgage Co. v. Rothwell*, 10 Cal. 4th 1266, 1239 (2016).

Defendant argues that Plaintiffs' fraud claims are barred by the statute of limitations. Pursuant to Cal. Code Civ. Proc. § 338(d), fraud claims are subject to a three-year statute of limitations period. "The cause of action in that case is not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake". *Id*. The Amended Complaint does not provide specific details regarding when they discovered any alleged fraud. Defendants have not provided any basis for when Plaintiffs' claims accrued pursuant to § 338(d). In their reply, Plaintiffs state that they

only learned of the full fraudulent chain in 2024, when the foreclosure proceedings began and the documents revealed the circular assignment scheme. ECF No. 75, at 7. While the complaint says nothing about the discovery of any alleged fraud, the facts do not preclude the possibility that Plaintiffs' claims accrued in 2024. As a result, Defendant's statute of limitations defense is more appropriately raised at a later stage in the proceedings. *Magana v. United States Gov't*, No. 2:25-CV-00626-JLS-MAR, 2025 WL 3482625, at *3 (C.D. Cal. Dec. 3, 2025) (finding that statute of limitations defenses are more appropriately raised at summary judgment).

Plaintiffs identify nine alleged false statements of which five were made by non-defendants to this action. These statements are listed by date and non-defendant source as follows: Assignment 1 (June 7, 2011 - MERS), Assignment 2 (July 31, 2013 - BANA), ECF No. 65, at 28, Assignment 3 (October 15, 2013 - BANA), June 15, 2011 Letter from BANA, and the July 1, 2013 Letter from NDSC. ECF No. 65, at 24-28. Plaintiffs have not alleged how statements made by non-defendants are actionable as false statements against Defendants.

The four remaining false representations by the Defendants are: (1) Substitution of Trustee (August 21, 2013); (2) Assignment 4 (May 19, 2014, recorded July 10, 2014); (3) the Notice of Default (June 24, 2024); (4) the Notice of Trustee's Sale (October 17, 2024). ECF No. 65, at 24-28. As to these statements, Plaintiffs have failed to sufficiently

allege the intent to induce reliance or justifiable reliance which produced damages. The Court examines these statements in turn.

Substitution of Trustee

The Court notes that Plaintiffs allege that the Substitution of Trustee misrepresentation was made by a Document Control Officer for SPS as a servicing agent for defendant U.S. Bank. ECF No. 65, at 25. Plaintiffs allege that representing that U.S. Bank was the present beneficiary of the Deed of Trust was false. *Id*. Plaintiffs do not allege that U.S. Bank adopted these statements or that they are otherwise attributable to Defendant. Assuming the statement is attributable to U.S. Bank, the alleged misrepresentation is inadequately pled to support a fraud claim.

First, Plaintiffs are unable to adequately show this representation was made with falsity. Plaintiffs allege that the representation is false because U.S. Bank never received effective assignment of any interest in Plaintiffs' mortgage loan and therefore was not a valid beneficiary. *Id*. As discussed throughout this order, this argument lacks merit. Therefore, Plaintiff is unable to allege that the representation is false, which ensures that the substitution of trustee document cannot suffice to satisfy a fraud claim.

Additionally, the alleged representation was never made directly to Plaintiffs, and Plaintiffs provide no information on when they reviewed the substitution of trustee document. The Plaintiffs are unable to show that they reasonably relied on this representation or incurred damages as a result.

Assignment 4

Plaintiff alleges that the representation that U.S. Bank assigned their interest to Nationstar was false and misleading because U.S. Bank had nothing to assign. This argument has been repeatedly rejected. The trust validly acquired the loan because any alleged violation of the PSA was voidable rather than void. Therefore, the Court finds that this representation is not false.

Furthermore, Plaintiffs failed to sufficiently allege how they received or relied on these documents. The Corporate Assignment was recorded and executed publicly with the San Diego County Recorder's Office. ECF No. 69-1, at 40. Plaintiffs do not allege how and when they received the assignment or how Plaintiffs relied on the alleged misrepresentation. Instead, Plaintiffs merely state that they justifiably relied on these representations as they appeared in official land records and reasonably believed that recorded land records accurately reflected the ownership of their mortgage loan. ECF No. 65, at 28. Plaintiffs fail to allege how they relied on the statements. Also, this claimed reliance contradicts Plaintiffs' earlier argument that they suffered prejudice because they could not determine which entity held their loan. *Id*. at 17-18. Had Plaintiffs reviewed the land records and believed they accurately reflected ownership, Plaintiffs would have known which party to negotiate their loan with.

Next, the Court finds that Plaintiffs have failed to show that any purported reliance caused them any damages. Plaintiff argues that had they been aware of the alleged

defects in the chain of title, they would have taken action to protect their property. ECF No. 65, at 28. Yet, Plaintiffs do not allege any specific actions that would have been taken, or more specifically, any actions that would have been sufficient to halt the pending foreclosure. As a result of the lack of falsity, insufficient allegations, and clear inconsistencies, the Court finds that the Assignment 4 representation does not support a valid fraud claim.

Notice of Default

The Court finds that the Notice of Default is insufficient to support a fraud claim. As to the Notice of Default, Plaintiffs allege that the declaration of compliance falsely represented that "due diligence" was attempted to contact Plaintiffs; that U.S. Bank was the present beneficiary; and that the declaration was supported by competent and reliable evidence. ECF No. 65, at 26. However, Plaintiffs fail to allege how they relied on the statement or how such reliance was justifiable. *Mewawalla v. Middleman*, 601 F. Supp. 3d 574, 596 (N.D. Cal. 2022) (Plaintiff must show reasonable reliance on misrepresentation and reliance caused damages). At no point, do Plaintiffs assert they relied on the alleged misrepresentation in a way that affected their behavior. In the complaint, Plaintiffs only allege that they "reasonably believed that official correspondence from Defendants accurately reflected the status of their loan". *Id*. at 28. Lack of contact does not relate to the status of the loan and instead addresses statutory requirements of contact under § 2923.55. *White v. Howell*, No. SACV111277AGANX,

2011 WL 13234302, at *3 (C.D. Cal. Nov. 14, 2011) (finding that statements could not be justifiably relied on when plaintiff knew they were false). As to the false statement that U.S. Bank was the present beneficiary, Plaintiffs have failed to allege that reliance on this statement caused damages. *See infra*, I(C). Therefore, the Court finds that the Notice of Default is insufficient to satisfy a fraud claim.

Notice of Trustee Sale

In regard to the Notice of Trustee Sale, the Court finds that MTC's conduct was privileged pursuant to § 2924(d). Courts have rejected fraud claims based on notice of sale documents on the grounds that they are protected by § 2924(d). *Canales v. Fed. Home Loan Mortg. Corp.*, No. CV 11-2819 PSG VBKX, 2011 WL 3320478, at *8 (C.D. Cal. Aug. 1, 2011); *Pedersen v. Greenpoint Mortg. Funding, Inc.*, 900 F. Supp. 2d 1071, 1080 (E.D. Cal. 2012). Plaintiffs do not allege that the statement was made with the requisite level of malice required to overcome even the qualified privilege.

Further, the Court finds that Plaintiff has failed to adequately identify any specific statement that is fraudulent. *See In re Cloudera, Inc.*, 121 F.4th 1180, 1187 (9th Cir. 2024) (pleading fraud requires identifying who, what, when, where, and how of the misconduct charged). In the SAC, Plaintiff merely states that the false representation "was that the sale was being conducted pursuant to valid authority". ECF No. 65, at 27. Plaintiff does not point to a specific statement or an individual who made this statement. *Watson v. Encore Credit Corp.*, No. EDCV 12-2035-DTB, 2013 WL 12129623, at *6

(C.D. Cal. Mar. 14, 2013) (finding vague statements fail to meet heightened pleading standard when they do not identify the specific misrepresentation at issue). In fact, a review of the Notice of Trustee Sale shows that no such statement appears anywhere in the document. ECF No. 69-1, at 55. Notably, the document specifically states that "Placing the highest bid at a Trustee auction does not automatically entitle you to free and clear ownership of the property". *Id*. at 56. The Court finds that Plaintiffs' alleged misrepresentation is contradicted by the plain language of the Notice of Trustee sale. As a result, the SAC fails to plausibly allege that any misrepresentations in the Notice of Trustee Sale. *Sprewell* 266 F.3d at 988.

Thus, the Court GRANTS Defendants' motions to dismiss Plaintiffs' claim fraud. The Court finds Plaintiff cannot allege additional facts showing Defendants' false statements. As a result, Plaintiff's fraud claim is dismissed without leave to amend.

**CONCLUSION**

For the reasons set forth above, the Court GRANTS in part and DENIES in part Defendants Nationstar and U.S. Bank's motion to dismiss, ECF No. 68, and Defendant Trustee Corps' motion to dismiss, ECF No. 69. The Court ORDERS

1. Plaintiffs' claims are dismissed WITHOUT leave to amend only as to (1) Plaintiffs' claim for wrongful foreclosure, (2) Plaintiff's claim as to quiet title, and (3) Plaintiffs' fraud claim.

2. If Plaintiffs seek to file a Third Amended Complaint as to the remaining claims, they may do so within thirty (30) days of the issuance of this Order.
3. The Parties' motions (ECF No. 79-81) for leave to appear at the Hearing scheduled for 10/23/2026 are DENIED as moot.

IT IS SO ORDERED

Dated: October 27, 2026

Hon. Gonzalo P. Curiel
United States District Judge